UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO-KK | Date | February 27, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order Denying Respondent's Motion to Dismiss Without Prejudice (Dkt. 26) and Petitioner's Motion to Stay and Abey the Petition (Dkt. 34) and Directing Petitioner to File Response

In May 2014, Royse Stribling ("Petitioner"), a California state prisoner proceeding pro se, constructively filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), with this Court.[1] (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner challenges his March 2011 convictions in Los Angeles County Superior Court for: (1) two counts of attempted murder, in violation of California Penal Code sections 664 and 187(a); (2) one count of arson of an inhabited structure, in violation of California Penal Code section 451(b); (3) one count of battery, in violation of California Penal Code section 242; (4) one count of child abuse, in violation of California Penal Code section 273a(a); and (5) one count of resisting an executive officer, in violation of California Penal Code section 69. (Id.). Petitioner sets forth four grounds

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on an unspecified date in May 2014. Pet. at 11.

In its Motion to Dismiss, Respondent contends Petitioner cannot benefit from the mailbox rule because the Petition was not delivered within the limitations period for federal habeas petitions. See Mot. to Dismiss at 2 n.4 (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003)). Because the Court denies the Motion without prejudice as to the issue of timeliness, the Court rejects this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO-KK | Date | February 27, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

for habeas relief: (1) insufficiency of the evidence; (2) instructional error; (3) denial of Petitioner's right to a jury trial ("Claim Three"); and (4) ineffective assistance of counsel ("Claim Four"). (Id.).

On July 25, 2014, Petitioner filed a Motion to Stay and Abey the Petition, pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). (Dkt. 14). On August 14, 2014, Respondent filed an Opposition to the Motion. (Dkt. 19). On September 3, 2014, the Court denied Petitioner's Motion, finding Petitioner had not shown "good cause" for a Rhines stay. (Dkt. 24).

On September 9, 2014, Respondent filed a Motion to Dismiss, contending the Petition is untimely and that Claims Three and Four are unexhausted. (Dkt. 26). On November 26, 2014, Petitioner filed an Opposition to the Motion. (Dkt. 35). On February 17, 2015, Respondent filed a Reply to Petitioner's Opposition. (Dkt. 42).

Concurrently, on November 26, 2014, Petitioner filed a second Motion to Stay and Abey the Petition. (Dkt. 34). The Court construed the Motion as a request to stay Claims One and Two pending exhaustion of Claims Three and Four, pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). (Dkt. 36). On February 17, 2015, Respondent filed an Opposition to Petitioner's Motion. (Dkt. 43).

Respondent's Motion to Dismiss and Petitioner's second stay motion thus stand submitted and ready for decision. After considering the above issues, the Court makes the following determinations.

**A.   Timeliness of the Petition**

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO-KK | Date | February 27, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[2] Under Section 2244(d)(1)(A), the AEDPA limitations period does not begin accruing "until both [a petitioner's] conviction *and* sentence bec[o]me final by the conclusion of direct review or the expiration of the time for seeking such review." Burton v. Stewart, 549 U.S. 147, 156-57, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (internal quotation marks omitted) (emphasis in original).

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the U.S. Supreme Court has explained that if a state habeas petition is not timely filed under the applicable state law, it is not "properly filed" and will not toll the AEDPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). On collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S.631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the burden of proof to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

To claim equitable tolling based on a mental impairment, a petitioner must show: (1) his mental impairment was so severe that he either was "unable rationally or factually to personally understand the need to timely file," or that his mental state "rendered him unable personally to prepare a habeas petition and effectuate its filing"; and (2) he was diligent in pursuing his claims, "but that the mental impairment made it impossible to

---

[2] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO-KK | Date | February 27, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." See Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). "[T]o evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." Id. at 1100-01.

In this case, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal on October 9, 2012. See Lodgment ("Lodg.") No. 6 at 1.[3] Petitioner's conviction became "final" for purposes of Section 2244(d)(1)(A) on March 12, 2013—ninety days after the California Supreme Court denied discretionary review of his direct appeal on December 12, 2012.[4] See Lodg. No. 7. See also Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of AEDPA's limitations period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); Sup. Ct. R. 13 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within ninety days after the entry of judgment). Hence, under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on March 13, 2013 and expired one year later, on **March 12, 2014**. The instant Petition was not constructively filed until May 2014. Therefore, the Petition is untimely by roughly two months, absent tolling.

On February 28, 2014, three-hundred and fifty-three days after the AEDPA limitations period commenced on March 13, 2013, Petitioner constructively filed a state habeas petition in the Los Angeles County Superior Court. Lodg. No. 1 at 11. On April 14, 2014, the Los Angeles County Superior Court denied the petition. Lodg. No. 2. As

---

[3] The Court's citations to Lodgments refer to documents relating to the state court proceedings that Respondent has lodged with the Court. (Dkt. 20, 23, 27).

[4] Petitioner does not appear to have filed a petition for a writ of certiorari from the U.S. Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO-KK | Date | February 27, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

Respondent concedes, the AEDPA statute was tolled during the forty-six days the state habeas petition was pending, pursuant to 28 U.S.C. § 2244(d)(2). See Mot. at 4. However, the statute again commenced running on April 15, 2014 and expired on April 28, 2014.[5] Because the specific date in May on which Petitioner constructively filed the instant Petition is unclear, the Petition is untimely from anywhere between a few days and a month, counting statutory tolling.

In his Opposition to Respondent's Motion to Dismiss, Petitioner claims he is entitled to equitable tolling because his mental impairments interfered with his filing of the instant Petition. See Dkt. 35. In support, Petitioner attaches a copy of his medical records. Dkt. 35, 35-1, 35-2, 35-3. Among the records is a July 16, 2013 report from Natividad Medical Center establishing Petitioner was hospitalized for three days because of an episode of psychosis. Dkt. 35-1 at 14-21; 35-2 at 37. The reporting physician suggested the episode may have been caused by the ingestion of a drug or bath salts. Dkt. 35-2 at 32.

After considering the arguments presented by both parties, the Court finds it cannot make a definitive factual determination as to whether the instant Petition was timely filed. First, it is unclear exactly when Petitioner constructively filed the instant Petition. The date the Petition was signed reads "May 2014." Pet. at 11. If the Petition was signed as early as May 1, 2014, the Petition would be untimely by only three days. Second, the records of Petitioner's hospitalization for three days in July 2013 due to psychosis raise the possibility that he is entitled to equitable tolling for the short amount of time necessary to render the Petition timely. While the Court acknowledges Petitioner's medical records suggest Petitioner himself may have caused the psychosis episode by ingesting a drug or bath salts, see Dkt. 35-2 at 32, 37, the cause of the episode is an issue of fact that the Court declines to determine on the limited record before it. Hence, the Court denies Respondent's Motion to Dismiss without prejudice, as to the issue of

---

[5] After Petitioner's state habeas petition was denied, there were twelve days left on the AEDPA limitations period. April 26, 2014 was the twelfth day after the denial of Petitioner's state habeas petition and Respondent contends the AEDPA statute lapsed on this date. See Mot. at 4. However, because April 26, 2014 was a Saturday, the Court calculates the AEDPA statute to have run until Monday, April 28, 2014. See Fed. R. Civ. P. 6(a)(1)(C) (holding that "if the last day is a Saturday, Sunday, or legal holiday, the [statutory] period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO-KK | Date | February 27, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

timeliness.

**B.     Exhaustion of Claims Three and Four**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Under Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), a habeas petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claim.  To obtain a stay pursuant to Rhines, a petitioner is required to: (a) show good cause for his failure to exhaust the unexhausted claim in state court earlier; and (b) show that the claim is not "plainly meritless."  See id. at 277.

Similarly, under Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), a habeas petitioner may dismiss his unexhausted claims and ask the Court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust the unexhausted claims.  "A petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO-KK | Date | February 27, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition.  Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

      Here, Claims Three and Four of the instant Petition are unexhausted because Petitioner did not raise either of these claims in his petition for review on direct appeal to the California Supreme Court—his only filing in the California Supreme Court.[6]  See Lodg. No. 6.  Therefore, it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition.

      Furthermore, the Court finds Petitioner is not entitled to a stay and abeyance procedure under either Rhines or Kelly.  As the Court determined when denying Petitioner's first stay Motion pursuant to Rhines, Petitioner is not entitled to a Rhines stay because he has not shown "good cause" for his failure to exhaust Claims Three and Four in state court earlier.  See Rhines, 544 U.S. at 277; Dkt. 24.  In addition, the Court concludes a Kelly stay of Petitioner's exhausted claims would be futile because Claims Three and Four would likely be found untimely if Petitioner were to re-assert them upon exhaustion.  See Ryan, 564 F.3d at 1140-41 (holding courts may properly refuse to stay an exhausted habeas petition when the statute of limitations would prevent the petitioner from ever successfully amending it to re-assert his claim).

      Before deciding this matter, the Court will give Petitioner the opportunity to address the exhaustion issue by electing one of the following two options:

**Option 1:**

      Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28

---

[6]     While Petitioner did raise a version of Claim Three predicated on state law before the California Supreme Court, he did not cite any federal authority when asserting this claim.  See Lodg. No. 6 at 19-26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO-KK | Date | February 27, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

U.S.C. § 2244(d)(1).

**Option 2:**

Alternatively, Petitioner may request a voluntary dismissal of *only* the unexhausted claims (Claims Three and Four), and elect to proceed on his two exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if he elects to proceed now with only his exhausted claims, any future habeas petition containing Claims Three or Four or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

IT IS THEREFORE ORDERED:

1. Respondent's Motion to Dismiss is denied without prejudice to reassertion of a statute of limitations defense in Respondent's Answer.

2. **By March 13, 2015,** Petitioner is ordered to respond to this Order by electing either of the two options presented above. **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**