UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO (KK) | Date | April 7, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**  (In Chambers) Order Directing Petitioner to File Response

In May 2014, Royse Stribling ("Petitioner"), a California state prisoner proceeding pro se, constructively filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), with this Court.[1] (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner challenges his March 2011 convictions in Los Angeles County Superior Court for: (1) two counts of attempted murder, in violation of California Penal Code sections 664 and 187(a); (2) one count of arson of an inhabited structure, in violation of California Penal Code section 451(b); (3) one count of battery, in violation of California Penal Code section 242; (4) one count of child abuse, in violation of California Penal Code section 273a(a); and (5) one count of resisting an executive officer, in violation of California Penal Code section 69. (Id.). Petitioner sets forth four grounds for habeas relief: (1) insufficiency of the evidence; (2) instructional error; (3) denial of Petitioner's right to a jury trial ("Claim Three"); and (4) ineffective assistance of counsel ("Claim Four"). (Id.).

On February 27, 2015, the Court issued an order finding Claims Three and Four are unexhausted. (Dkt. 44). To address the exhaustion issue, the Court offered Petitioner the choice of either (1) voluntarily dismissing Claims Three and Four and proceeding on

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on an unspecified date in May 2014. Pet. at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4299-FMO (KK) | Date | April 7, 2015 |
|---|---|---|---|
| Title | Royse Stribling v. People of the State of California et al. | | |

his two exhausted claims alone or (2) voluntarily dismissing this action.

On March 30, 2015, Petitioner filed a Notice of Dismissal form, voluntarily dismissing Claim Four. (Dkt. 47). However, the Notice of Dismissal **did not voluntarily dismiss Claim Three**. Petitioner's response thus fails to properly elect either of the two options provided by the Court in its February 27, 2015 order.

The Court will give Petitioner one final opportunity to address the exhaustion issue by electing one of the following two options:

**Option 1:**

Petitioner may request a voluntary dismissal of Claim Three, and elect to proceed on his two exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if he elects to proceed now with only his exhausted claims, any future habeas petition containing Claim Three or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

**Option 2:**

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

IT IS THEREFORE ORDERED:

1. **By April 21, 2015,** Petitioner is ordered to respond to this Order by electing either of the two options presented above. **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**